COURT OF CHANCERY
OF THE
STATE OF DELAWARE

KIM E. AYVAZIAN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947
AND
NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19980-3734

March 11, 2016

Andrea C. Beck
260 Golden Plover Drive
Smyrna, DE 19977

Brian Thomas McNelis, Esquire
Young & McNelis
300 South State Street
Dover, DE 19901

RE:   Andrea C. Beck v. John A. Greim c/o Bombay Woods Maintenance Corp.
      C.A. No. 10223-MA

Dear Parties:

I have reviewed *Pro Se* Plaintiff Andrea C. Beck's "Motion to Amend Opening Brief and Original Complaint" that was filed today. The timing of Ms. Beck's motion to amend is unusual, to say the least. Her original complaint, purporting to seek enforcement of a deed restriction under 10 *Del. C.* § 348, was filed on October 10, 2014.[1] On May 20, 2015, I approved Ms. Beck's application to proceed *in forma pauperis*.[2] Prior to that time, however, Beck had moved for a

---

[1] Docket Item ("DI") 1.
[2] DI 34.

cease and desist order,[3] and had started to file numerous praecipes for subpoenas, including subpoenas for the production of accounting records, tax records and insurance records of Defendant Bombay Woods Maintenance Corporation, to which Defendants objected.[4] Beck also moved for advanced attorney's fees and expenses,[5] which I denied because she was not represented by counsel, but I overruled Defendants' objection to her discovery requests, and ordered their production.[6]

Defendants produced some records to Beck, but on October 6, 2015, Beck moved for contempt to enforce a Court Order, which was opposed by Defendants, who requested a teleconference for oral argument and to review the pending requests for records and subpoenas.[7] In response, Beck sent the Court a letter listing the matters that she wanted to be considered during the teleconference.[8] After reviewing Beck's letter, it became apparent to me that Beck's complaint was not seeking enforcement of a deed restriction, but instead was a derivative claim on behalf of Bombay Woods Maintenance Corporation. Because a derivative plaintiff seeking to enforce a right of the corporation must be represented by counsel, I dismissed Beck's *in forma pauperis* derivative claim and her associated hate

---

[3] DI 21.
[4] DI 36, 42, 43, 47, 56
[5] DI 38.
[6] DI 49, 51.
[7] DI 55, 57.

crimes/harassment claims as legally frivolous under 10 *Del. C.* § 8803(b) in a draft report issued on November 4, 2015.[9] Beck filed an exception to my draft report.[10] Her opening brief in support of her exception was dated November 25, 2015.[11] None of her arguments were relevant to my decision and, therefore, I adopted my draft report as my final report on February 22, 2016.[12] Beck filed a notice of exception to my final report,[13] and her exception is currently pending before Vice Chancellor Montgomery-Reeves.

Now, nearly a year and a half after she filed her original complaint, Beck is seeking to amend her complaint. Under Court of Chancery Rule 15(a), a party may amend a party's pleading after a responsive pleading has been served "only by leave of Court or by written consent of the adverse party; and leave shall be freely given when justice so requires." [14] Beck has failed to assert any grounds for her motion; instead, she simply quotes from two previously-filed documents in this case and refers to my final report of February 22, 2016. After reviewing Beck's motion, it is unclear to me what reasons she has, if any, for seeking to amend her complaint and opening brief. Furthermore, Beck has already taken exception to

---

[8] DI 58-59.
[9] DI 60.
[10] DI 61.
[11] DI 63. The opening brief was actually filed on December 3, 2015, but served on Defendants on November 25, 2015, according to the certificate of service..
[12] DI 71.
[13] DI 72.

my final report.  Under Rule 144, the Vice Chancellor will conduct a *de novo* review of my decision to dismiss Beck's *in forma pauperis* complaint.  Therefore, justice does not require that leave be given to Beck to amend her original complaint and opening brief.

For the reasons stated above, I recommend that the motion be denied.  I am waiving a draft report and issuing this recommendation as my final report.  I refer the parties to Rule 144 for the process of taking exception to a Master's Final Report.

Respectfully,

/s/ Kim E. Ayvazian

Kim E. Ayvazian
Master in Chancery

KEA/kekz

---

[14] Ct. Ch. R. 15(a).